IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONTRAIL DEEVON JOHNSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA<br><br>Case No. 2:23-CR-310-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Montrail Johnson's Motion to Withdraw Guilty Plea.¹ For the reasons discussed herein, the Court will deny the Motion.

I. BACKGROUND

On August 30, 2023, a three-count Indictment was filed against Defendant for Possession of Fentanyl with Intent to Distribute (Count 1), and Felon in Possession of a Firearm and Ammunition (Counts 2 and 3). Defendant pleaded guilty on January 30, 2025, to Counts 1 and 3 of the Indictment.²

In his Statement in Advance of Plea, Defendant stipulated and agreed to the following facts:

> On July 10th, 2023, following my arrest in the District of Utah, during a search of my person while inside the Salt Lake County Jail, officers discovered approximately 1200 fentanyl pills hidden on my person. It was my intent to possess and distribute those fentanyl pills. I acknowledge and admit my conduct violated 21 U.S.C. § 841(a)(l). On August 21, 2023, agents executed a search warrant on my storage unit in Midvale, Utah. Inside that storage unit agents located:

---

¹ Docket Nos. 88 and 100.

² Docket No. 81.

1

- Pioneer Arms Corp AK-47 7.62 x 39mm rifle
- Intratec AB-10 9mm semi-automatic pistol
- "LB" Mark II M38 STEN firearm
- Associated ammunition

I admit I knowingly possessed these firearms and associated ammunition. I acknowledge and admit that the firearms I possessed are firearms that affected commerce since they were manufactured outside the State of Utah. Furthermore, I acknowledge having been previously convicted of a felony offense which was punishable by imprisonment for more than one year. I acknowledge that I knew I had been convicted of a crime punishable by imprisonment for more than one year when I possessed the firearm. This previous conviction prohibited me from possessing a firearm. These actions were done in violation of 18 U.S.C. § 922(g)(l).[3]

At his change of plea hearing, Defendant further admitted to these facts after swearing an oath to tell the truth. Defendant's Statement in Advance of Plea also includes the following representations:

- No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.
- I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.
- I am satisfied with my lawyer.
- My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.
- I have no mental reservations concerning the plea.
- I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.[4]

---

[3] Docket No. 83, at 4.

[4] *Id.* at 6.

On February 3, 2025, a few days after his change of plea hearing, Defendant's mother sent an email to the Court stating, "I am emailing you on behalf of my son Montrail Johnson, he would like to withdraw his guilty plea."[5] On February 14, 2025, Defendant's counsel at the time filed a motion to withdraw guilty plea,[6] wherein they represented that Defendant wished to withdraw his plea and requested that the Court appoint new counsel because a conflict of interest had arisen between Defendant and counsel.[7] Counsel subsequently withdrew the motion and filed a motion to withdraw as counsel instead.[8]

On March 11, 2025, Defendant filed a pro se motion to withdraw plea and a motion to dismiss under the Speedy Trial Act. On March 28, 2025, then-appointed counsel's motion to withdraw as counsel was granted and the Magistrate Judge appointed new counsel to represent Defendant.[9] This was Defendant's fifth appointment of counsel. On June 18, 2025, Defendant's newly-appointed counsel filed a Supplemental Motion to Withdraw Plea of Guilty.[10] The government responded several days later opposing the Motion.[11] Neither party requested a hearing related this Motion, therefore the Court will rule on the parties' briefing.[12]

---

[5] Docket No. 84.

[6] Docket No. 85.

[7] Docket No. 87.

[8] Docket No. 88.

[9] Docket No. 91.

[10] Docket No. 100.

[11] Docket No. 101.

[12] *See United States v. Carter*, 109 F. App'x 296, 299–300 (10th Cir. 2004) ("The district court . . . was not compelled, *sua sponte,* to hold a hearing on Defendant's several motions to withdraw his plea of guilty.") (internal quotation marks omitted).

## II.  DISCUSSION

Federal Rule of Criminal Procedure 11(d)(2)(B) states that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, "if the defendant can show a fair and just reason for requesting the withdrawal."[13] "Although the burden is on the defendant to show such a reason, . . . motions to withdraw guilty pleas before sentencing are to be freely allowed, viewed with favor, treated with liberality, and given a great deal of latitude."[14]

The Court determines whether a defendant can show "a fair and just reason" by reviewing the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources.[15]

First, Defendant has not asserted his innocence. None of the filings before the Court, filed by himself, his mother, or his attorneys, assert that Defendant is not guilty of the charges.[16] While Defendant now asserts, in support of withdrawal, that his original plea of not guilty is a statement of his innocence, the "mere assertion of a legal defense is insufficient; the defendant must present a *credible* claim of legal innocence"[17] to sufficiently assert innocence under the first factor.

---

[13] Fed. R. Crim. P. 11(d)(2)(B).

[14] *United States v. Carr*, 80 F.3d 413, 419 (10th Cir. 1996).

[15] *United States v. Black*, 201 F.3d 1296, 1299–3000 (10th Cir. 2000).

[16] Docket No. 55.

[17] *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007); *see also United States v. Hickok,* 907 F.2d 983, 985 n.2 (10th Cir. 1990) ("[T]he assertion of a defendant's

At the change of plea hearing and in his Statement in Advance of Plea, Defendant admitted to Counts 1 and 3 of the Indictment and agreed to a factual statement detailing his actions. Further, at the change of plea, Defendant swore an oath to tell the truth before he admitted the facts of the case. Accordingly, Defendant has not asserted his innocence. "To the contrary, he specifically stated that he was guilty and provided detailed accounts of his crimes both in the plea agreement and at the change-of-plea hearing."[18] Thus, this factor weighs against withdrawal of the guilty plea.

Instead, of asserting innocence, the substance of Defendant's Motion is primarily based on the fifth and sixth factors: the quality of defendant's assistance of counsel and whether the plea was knowing and voluntary.

Regarding the quality of the Defendant's assistance of counsel, Defendant admits that the record will show that Defendant stated he had discussed his case with his lawyers, that he was satisfied with their assistance, and that he had all the information he needed to enter a plea and understood the charges against him. However, despite these acknowledgments, Defendant now asserts that his prior counsel was ineffective for insufficiently litigating his motion to suppress, for failing to seek dismissal under the Speedy Trial Act, and for failing to raise a motion to reveal the identity of the confidential informant involved in his arrest.

When a defendant challenges a guilty plea based on ineffective assistance of counsel, courts apply a two-part test established in *Strickland v. Washington*.[19] First, Defendant must

---

subjective belief in his own innocence does not mandate allowing him to withdraw his plea of guilty.").

[18] *United States v. Siedlik*, 231 F.3d 744, 749 (10th Cir. 2000).

[19] 466 U.S. 668 (1984).

show that counsel's performance was deficient, and second "that this deficiency prejudiced his defense."[20]

> In order to establish that his attorney's performance was constitutionally deficient, he must show that the attorney's performance fell outside the wide range of competence demanded of attorneys in criminal cases. To demonstrate he suffered prejudice as a result of the alleged deficiency, [Defendant] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[21]

Regarding the motion to suppress, Defendant asserts that "he is of the opinion that the motion to suppress should have been granted, . . . that counsel failed to brief and litigate all grounds" that would have supported the motion, and that counsel "failed to call an important witness at the evidentiary hearing."[22] He also asserts that his counsel did not file a motion to reconsider as promised.

Regardless of counsel's purported deficiency,[23] which the Court doubts, these allegations are insufficient to establish that, but for counsel's alleged errors, Defendant would have succeeded on his motion to suppress and, therefore, not pleaded guilty.

Tellingly, Defendant does not specify why he feels the motion should have been granted, explain which grounds for suppression his counsel failed to litigate, or identify the witness that would have altered the course of the evidentiary hearing. Defendant's counsel raised many arguments in support of the Defendant's motion to suppress. He, in fact, convinced the Court that

---

[20] *Hamilton*, 510 F.3d at 1216 (internal quotation marks and citation omitted).

[21] *Id.* (internal quotation marks and citation omitted).

[22] Docket No. 100, at 5.

[23] *See Strickland,* 466 U.S. at 697 ("A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

the protective sweep at issue violated the Fourth Amendment. The motion was denied on the basis that the evidence would have been inevitably discovered and was, therefore, not subject to suppression, among other findings.[24] Further, as the government represents, counsel negotiated with the government to allow Defendant the opportunity to appeal the denial of his motion to suppress. That Defendant generally feels that he should have succeeded, that some unidentified arguments should have been raised, and that an unidentified witness should have been called do not establish a reasonable probability that Defendant could have succeeded in suppressing evidence but for these purported errors of counsel. Similarly, because Defendant has not specified any grounds on which a motion to reconsider could be granted, Defendant fails to establish that counsel's failure to file such a motion resulted in prejudice.

    The same is true regarding Defendant's Speedy Trial Act arguments. Defendant fails to establish a reasonable probability that counsel's failure to raise a Speedy Trial Act violation would have resulted in a different outcome. As explained by the Tenth Circuit, failure to seek dismissal of an indictment under the Speedy Trial Act does not alone demonstrate prejudice where the indictment would have been dismissed without prejudice.[25] To succeed in demonstrating deficient performance, Defendant must also establish that the government would have been precluded from refiling the charges.[26] Defendant has not done so.

    As to his final argument regarding counsel's ineffectiveness, Defendant expends no effort to enlighten the Court as to how a motion to reveal the identity of a confidential informant would

---

[24] *See generally,* Docket No. 74.

[25] *United States v. Zapata*, 433 F. App'x 667, 672 (10th Cir. 2011).

[26] *Id.*

have altered the course of the proceedings such that Defendant would not have pleaded guilty. Because Defendant has not demonstrated a reasonable probability that any deficiency in his prior counsel's performance would have resulted in Defendant's refusal to accept a guilty plea, this factor weighs against withdrawal.

Next, the Court considers whether Defendant's plea was knowing and voluntary. Defendant first recognizes that during his change of plea hearing, he "acknowledged the nature of the hearing," "confirmed the terms of the plea agreement," including the 60-month sentence agreed to under 11(c)(1)(C), and confirmed his understanding that he would have the right to appeal the Court's denial of motion to suppress. He also agreed to the facts stated in the plea agreement and acknowledged his understanding of the charges.

Further, as set forth above, the Statement in Advance of Plea contained a number of statements relevant to this inquiry, including:

- No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.
- I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.
- I am satisfied with my lawyer.
- My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.
- I have no mental reservations concerning the plea.
- I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.[27]

Despite acknowledging the clear record on this factor, Defendant asserts that his counsel "misrepresented potential outcomes, including his prison exposure, in order to induce him to

---

[27] Docket No. 83, at 6.

enter a plea."[28] Specifically, Defendant asserts that counsel told him that if he did not plea, the government could file additional charges, and he could face 15 years in prison. In supporting that these statements by counsel were misrepresentations, Defendant states only that "[h]e believes that he later heard that the United States never intended to modify the charges, and that his exposure was less than 15 years."[29]

"A plea may be involuntary when an attorney materially misinforms the defendant of the consequences of the plea."[30] In such an instance, "the defendant must show the plea was a product of the material misrepresentation, meaning that [they] relied on the misrepresentation or that the misrepresentation impacted the decision to plead."[31]

Defendant's vague assertion that "he believes" he later heard information contrary to counsel's advice is insufficient to establish that counsel made a misrepresentation. Further, the record in this case cuts against Defendant's assertions. Defendant's Statement in Advance of Plea includes an agreement that the government will "not to seek an indictment against [Defendant] for any other drug trafficking offense or human trafficking offense of which the [the government] is aware of at this time."[32] This suggests that there were indeed discussions about the government's ability and interest to file additional charges. Further, the possibility of a 15-year sentence is not implausible considering the admitted-to conduct in this case, which involves

---

[28] Docket No. 100, at 7.

[29] *Id.*

[30] *Fields v. Gibson*, 277 F.3d 1203, 1213 (10th Cir. 2002) (quoting *United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990)).

[31] *United States v. Swan*, 91 F.4th 1052, 1056 (10th Cir. 2024) (internal quotation marks and citation omitted).

[32] Docket No. 83, at 7.

both drug and gun possession, and the possibility of additional charges being added. At the change of plea hearing, the Magistrate Judge informed Defendant that, for his fentanyl possession charge (Count 1), the maximum penalty is 40 years and the statutory minimum sentence is five years. The Magistrate Judge further explained that the statutory maximum for the felon in possession charge (Count 3) is 15 years. Defendant stated that he understood these possible penalties. Counsel's 15-year representation, therefore, does not appear to be incorrect. However, even if counsel did misrepresent the possible prison term, "an erroneous estimate of sentence does not render the plea involuntary."[33]

To enter a plea that is knowing and voluntary, a defendant must have "a full understanding of what the plea connotes and of its consequence."[34] Upon a review of the plea colloquy conducted by the Magistrate Judge at Defendant's change of plea hearing and the Statement in Advance of Plea, the Court is confident that Defendant entered his plea knowingly and voluntarily. The Magistrate Judge conducted a detailed colloquy to ensure Defendant understood the charges to which he pleaded guilty, the possible sentences as to each of these counts, and conducted a detailed review of the Statement in Advance of Plea to ensure Defendant understood the terms therein. This factor therefore weighs against allowing withdrawal.

The remaining factors for consideration involve the prejudice to the government, the length of delay in filing the motion to withdraw, the inconvenience to the Court, and the waste of judicial resources. Notably, the Court and the government were put on notice that Defendant wished to withdraw his plea only four days after his guilty plea was entered, and the government

---

[33] *Rhodes*, 913 F.2d at 843.
[34] *Boykin v. Alabama,* 395 U.S. 238, 244 (1969).

has not asserted any particular prejudice it would suffer as a result of the withdrawal. Some of these factors would, therefore, likely weigh in favor of allowing withdrawal. However, the Tenth Circuit has instructed that "[i]f the assertion-of-innocence, knowing-and-voluntary, and ineffective-assistance-of-counsel factors all weigh against the defendant, a district court need not consider the remaining four factors."[35]

Based on the analysis contained herein, the Court concludes that Defendant has failed to present a fair and just reason on which the Court can rely to "freely allow" withdrawal of his plea. Further, because the Court will not permit Defendant to withdraw his plea, the Court must also deny Defendant's motion to dismiss for a speedy trial act violation, for failure of Defendant to move for dismissal prior to entry of a plea of guilty.[36]

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion Withdraw Guilty Plea (Docket Nos. 88 and 100) is DENIED.  It is further

ORDERED that Defendant's sentencing is scheduled for October 7, 2025, at 9:00 a.m.

---

[35] *United States v. Marceleno*, 819 F.3d 1267, 1272 (10th Cir. 2016) (citation omitted).

[36] 18 U.S.C.A. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.").

DATED this _29th_ day of July, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge